UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

UP STATE TOWER CO., LLC and )
BUFFALO-LAKE ERIE WIRELESS )
SYSTEMS CO., LLC d/b/a BLUE )
WIRELESS, )
 )
    Plaintiffs, )
 )
v. ) Case No. 1:19-cv-280
 )
TOWN OF CHEEKTOWAGA, TOWN )
BOARD OF TOWN OF CHEEKTOWAGA, )
 )
    Defendants. )

**ORDER ON MOTION TO INTERVENE AND
MOTION TO CONSOLIDATE CASES
(Docs. 7, 14)**

This case concerns the efforts of plaintiffs Up State Tower Co., LLC and Buffalo-Lake Erie Wireless Systems Co., LLC d/b/a Blue Wireless (collectively "Plaintiffs") to construct a wireless telecommunication tower (the "tower") in the Town of Cheektowaga, New York (the "Town"). Plaintiffs filed this suit against the Town and the Town Board, alleging that the defendants' actions in denying their application for a special use permit to construct the towers violated the federal Telecommunications Act, 47 U.S.C. §§ 332(C)(7)(B)(i)(II) and 332(C)(7)(B)(iii), and Articles 78 and 30 of the New York Civil Practice Laws and Rules. (Doc. 1.)

Two motions are currently pending. The first is a motion to intervene filed by the West Seneca Central School District (the "District").[1] (Doc. 7.) The second is Plaintiffs' motion to

---

[1] The District is a governmental entity distinct from the Town. It serves students from multiple municipalities in western New York, "including portions of the towns of West Seneca, Cheektowaga, Orchard Park, and Hamburg." *District Information*, West Seneca Central School

consolidate this case with an action they previously filed against the Town. (Doc. 14.)

## Background

In September 1985, the District executed a conveyance that transferred real property located at 294 North Seine Drive (the "Proposed Site") to the Southline Little League, Inc. ("Southline"), formerly known as the Southline Athletic Association. (Doc. 7-1 ¶ 5; Doc. 7-2.) The District's conveyance was "subject to the restriction that the use of the [Proposed Site] shall be limited to recreational purposes only in accordance with the purposes set forth in the certificate of incorporation of Southline Athletic Association, Inc. . . . ." (Doc. 7-2 at 3.)

On October 17, 2016, Plaintiffs applied for a special use permit to construct the tower on the Proposed Site to remedy an alleged gap in cellular service coverage. (Doc. 1 ¶¶ 1, 64.) The Town Board denied the application, in part because Plaintiffs failed to verify that they had "the right to proceed as proposed on the site" as required by § 255-7(F) of the Town Code. (Doc. 7-5 at 3 (quoting Town of Cheektowaga Code, § 255-7(F), Local Law 8-2008, Sept. 15, 2008).) Although the Town Board acknowledged that Plaintiffs had provided a copy of a lease with Southline, it noted that the deed restricts use of the Proposed Site to "recreational purposes." (*Id.* (quoting Doc. 7-2 at 3).) After finding that construction of a telecommunications tower "is not [a] recreation use of the land," the Town Board concluded that the deed restriction indicates that Plaintiffs "d[id] not have the right to proceed as proposed." (*Id.* 3–4.)

On March 1, 2019, Plaintiffs filed a complaint against the Town and the Town Board, alleging that the denial of their special use permit application: (1) unlawfully prohibited the provision of wireless services in violation of 47 U.S.C. § 332(C)(7)(B)(i)(II); (2) was not

---

District, https://www.wscschools.org/Page/20630 (last visited Aug. 29, 2019). It is not a department or division of the Town.

2

supported by substantial evidence in violation of § 332(C)(7)(B)(iii); and (3) was arbitrary and capricious in violation of Articles 78 and 30 of the New York Practice Laws and Rules. (Doc. 1 ¶¶ 164–191.) Plaintiffs seek, among other things, an order "compelling the Town to issue Plaintiffs all necessary permits and approvals to locate, construct and operate" the tower on the Proposed Site. (*Id.* ¶ 191.)

The District filed a motion to intervene on April 15, 2019, seeking to intervene as a party defendant as of right or, in the alternative, by permission under Federal Rule of Civil Procedure 24. (Doc. 7.) Plaintiffs have filed a response in opposition to the motion to intervene (Doc. 11), and the Town and Town Board have filed a response in support of the District's motion (Doc. 12).

## Analysis

### I. The District's Motion for Permissive Intervention is Granted

Permissive intervention is available in the court's discretion for a party who files a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The court considers substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)(2)." *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006). These factors include whether applicants: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Floyd v. City of N.Y.*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) (quoting *"R" Best Produce*, 467 F.3d at 240–41). However, "[t]he 'principal consideration' for permissive intervention is 'whether the intervention will unduly delay or prejudice the

adjudication of the rights of the original parties.'" *Pike Co., Inc. v. Universal Concrete Prod., Inc.*, 284 F. Supp. 3d 376, 393 (W.D.N.Y. 2018) (quoting *Battle v. City of N.Y.*, No. 11 Civ. 3599, 2012 WL 112242, at *6 (S.D.N.Y. Jan. 12, 2012). "The decision to grant permissive intervention is 'wholly discretionary with the trial court.'" *Id.* (quoting *Consumer Fin. Prot. Bureau v. Sprint Corp.*, 320 F.R.D. 358, 361 (S.D.N.Y. 2017)).

### A.  Timeliness, Undue Delay, and Prejudice

When determining whether a motion to intervene is timely, a court should consider the following factors:

> (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness.

*Floyd*, 770 F.3d at 1058 (quoting *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006)).

Here, the complaint was filed on March 1, 2019 and served on March 25, 2019. (Docs. 1, 3, 4.) The District filed its motion to intervene on April 15, 2019 (Doc. 7), about three weeks after the Town and the Town Board were served with the complaint (Docs. 3, 4). Because the motion comes at the outset of the case, the court concludes the District's motion is timely.

The court also finds that allowing the District to intervene will not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3). The record indicates that the District actively opposed Plaintiffs' application for a special use permit by "submit[ing] a letter into the record regarding a deed restriction on the [Proposed Site]," which the Town Board cited as support for refusing to permit the project. (Doc. 7-5 at 3.) In light of the District's participation in the zoning determination proceedings, the significant role the restrictive covenant played in the Town Board's denial decision, and the fact that the District

holds the restrictive covenant, the District's intervention would "significantly contribute to full development of the underlying factual issues and to the just and equitable adjudication of the legal questions presented." *Pike Co., Inc.*, 284 F. Supp. 3d at 397 (quoting *Ass'n of Conn. Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 103 (D. Conn. 2007)).

### B. Common Questions of Law or Fact

In addition, the District must demonstrate that it "has a claim or defense that shares with the main action a common question of law or fact.'" Fed. R. Civ. P. 24(b)(1)(B). "However, '[t]he words claim or defense [in permissive intervention] are not to be read in a technical sense, but only require some interest on the part of the applicant.'" *Pike Co., Inc.*, 284 F. Supp. 3d at 396 (alterations in original) (quoting *Louis Berger Grp., Inc. v. State Bank of India*, 802 F. Supp. 2d 482, 488 (S.D.N.Y. 2011)).

The District argues it is entitled to intervene as a matter of right because it has an interest in enforcing the restrictive covenant on the Proposed Site. In particular, it claims that the tower, if constructed, would violate the restrictive covenant. This assertion raises common questions of law and fact as to whether the Town properly denied the permit application because the restrictive covenant prevented Plaintiffs from verifying that they have "the right to proceed as proposed on the site," as required by Town Code § 255-7(F). Therefore, the court concludes that the District raises a claim "that shares with the main action a common question of law or fact" for the purposes of permissive intervention. Fed. R. Civ. P. 24(b)(1)(B).

### C. Adequacy of Representation

"Rule 24(b) does not list inadequacy of representation as one of the considerations for the court in exercising its discretion under Rule 24(b) and although a court may consider it, it is clearly a minor factor at most." *Pike Co., Inc.*, 284 F. Supp. 3d at 397 (internal quotation marks

omitted) (quoting *Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 88 (D. Conn. 2014)). The District argues that neither the Town nor the Town Board can adequately represent its interests, reasoning that the defendants were not parties to the conveyance and may not have standing to enforce the restrictive covenant. (Doc. 7-9 at 7.) The court agrees. The Town's authority to make zoning determinations is "separate and distinct from [the District's] right to enforce the restrictive covenant[], a right only [the District] can enforce." *Chambers v. Old Stone Hill Rd. Assocs.*, 1 N.Y.3d 424, 432 (2004). As such, the District and the defendants have different ultimate interests, which may limit the defendants' ability to adequately represent the District's interests in this matter. *See Granite Builders, Inc. v. U.S. Dep't of Labor*, No. CIV-86-509E, 1987 WL 15822, at *3 (W.D.N.Y. Aug. 17, 1987) ("Inadequacy of representation may be shown when the intervenor's interests are different from those of the parties to the suit."); accord *Pike Co., Inc.*, 284 F. Supp. at 397.

The court therefore exercises its discretion in granting the District's request for permissive intervention under Rule 24(b)(1)(B). "Accordingly, the [c]ourt 'need not determine whether intervention as of right under Rule 24(a) is warranted.'" *Pike Co., Inc.*, 284 F. Supp. 3d at 397–98 (quoting *Int'l Design Concepts, LLC v. Saks Inc.*, 486 F. Supp. 2d 229, 234 (S.D.N.Y. 2007)).

## II.  Plaintiffs' Motion to Consolidate Cases is Denied

On December 20, 2018, Plaintiffs filed a civil rights action against the Town in New York state court that was subsequently removed to this court. Notice of Removal, *Up State Tower Co., LLC v. Town of Cheektowaga*, No. 19-56 (W.D.N.Y. July 1, 2019), ECF No. 1 [hereinafter *Up State I*]. In an order dated July 1, 2019, the court dismissed all of Plaintiffs'

claims in *Up State I*. No. 19-56, (W.D.N.Y. July 1, 2019), ECF No. 19 (order granting the Town's motion to dismiss).

Plaintiffs move to consolidate the instant case with *Up State I*. (Doc. 14.) Because *Up State I* is no longer before the court, Plaintiffs' motion to consolidate cases must be denied as moot.

## Conclusion

The District's motion to intervene (Doc. 7) is GRANTED.

Plaintiffs' Motion to Consolidate Cases (Doc. 14) is DENIED as moot.

Dated this 17th day of September, 2019.

Geoffrey W. Crawford, Judge
United States District Court