UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UP STATE TOWER CO., LLC and BUFFALO-LAKE ERIE WIRELESS SYSTEMS CO., LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 1:19-cv-280 |
| THE TOWN OF CHEEKTOWAGA, NEW YORK and THE TOWN BOARD OF THE TOWN OF CHEEKTOWAGA, NEW YORK, | ) ) ) ) ) |
| Defendants. | ) ) |
| and | ) ) ) |
| WEST SENECA CENTRAL SCHOOL DISTRICT, | ) ) ) |
| Intervenor-Defendant and Third-Party Plaintiff, | ) ) ) |
| v. | ) ) |
| SOUTHLINE LITTLE LEAGUE, INC. f/k/a SOUTHLINE ATHLETIC ASSOCIATION, | ) ) ) ) |
| Third-Party Defendant. | ) |

**ORDER ON DEFENDANTS' AND INTERVENOR-DEFENDANT'S CONVERTED
MOTIONS FOR SUMMARY JUDGMENT
(Docs. 45, 46)**

For several years, Plaintiffs Up State Tower, Co., LLC and Buffalo-Lake Erie Wireless

Systems Co., LLC have sought to construct a wireless communications tower on land owned by

Third-Party Defendant Southline Little League, Inc. ("Southline") in the Town of Cheektowaga,

New York. The land in question was conveyed to Southline by intervenor-defendant the West

Seneca Central School District ("the District") in 1985. The deed of conveyance includes a restrictive covenant limiting use of the land to "recreational purposes" only.

In January 2019, relying in part on the existence of the restrictive covenant, the Town of Cheektowaga and the Town Board of Cheektowaga ("Town Defendants") denied Plaintiffs' application for a special use zoning permit to construct the proposed tower. Plaintiffs then sued the Town Defendants, alleging that the denial of the permit violated the federal Telecommunications Act of 1966 ("TCA") and Article 78 of New York Civil Practice Law and Rules ("CPLR"). (Doc. 1.) The District intervened in this litigation to enforce the restrictive covenant against construction of the tower (Doc. 7), and filed a third-party claim against Southline (Doc. 20).

In August 2020, Town Defendants and the District (collectively, "Defendants") filed identical motions for judgment on the pleadings, arguing that the restrictive covenant precludes siting a telecommunications tower on the property. (Docs. 45, 46.) Plaintiffs responded that the proposed tower qualified as a "recreational purpose" within the meaning of the covenant. Plaintiffs also sought extinguishment of the covenant under N.Y. Real Property Actions and Proceedings ("RPAPL") § 1951. (Doc. 48.) At the same time, Plaintiffs filed their own motion for summary judgment on their claims under the TCA and Article 78 of N.Y. CPLR. (Doc. 49.) The court deferred consideration of Plaintiffs' motion for summary judgment until after the resolution of questions regarding the legal effect of the restrictive covenant. (Doc. 55.)

In a January 2021 order, the court ruled that constructing and operating a wireless communications tower is not a "recreational purpose" within the meaning of the restrictive covenant. (Doc. 56.) The court converted the remainder of the Defendants' Rule 12(c) motions to

motions for summary judgment, and directed the parties to submit additional briefing on the applicability of RPAPL § 1951.

The Defendants submitted a supplemental brief. (Doc. 63.) In response, Plaintiffs' counsel submitted a declaration (Doc. 67), to which Defendants' counsel submitted a reply declaration. (Doc. 68.)

## Background

### I. Factual Record for Summary Judgment

Defendants submitted a statement of undisputed facts supporting their converted motion for summary judgment. (Doc. 63-1.) Plaintiffs did not submit a response to this statement. Under W.D.N.Y. Local Civil Rule 56(a)(2), "[e]ach numbered paragraph in a moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in an opposing statement." Under this standard, the court deems the following relevant facts to be undisputed for purposes of resolving this motion.

The District is a central school district organized under the laws of New York. (Doc. 63-1 ¶ 5.) Southline is a New York nonprofit organization founded to support recreational athletics. (*Id.* ¶¶ 6, 9.) The deed from the District to Southline conveying the property at issue contains a restrictive covenant which limits use of the property "to recreational purposes only in accordance with the purposes set forth in the certificate of incorporation of [Southline]." (Doc. 45-2.)

The property at issue is located in the District, within the School Attendance Zones for three District schools. (Doc. 63-1 ¶¶ 11, 19–20 (citing Doc. 63-2 ¶ 10; Doc. 63-5 ¶¶ 11–12).) Much of the District is within a 15-minute drive of the property. (*Id.* ¶ 21 (citing Doc. 63-5 ¶ 13).)

The Town does not operate its own little league program, but instead provides funding to nonprofit organizations that run such programs, including Southline. (*Id.* ¶ 14 (citing Doc. 63-5 ¶ 3).) Residents of the Town and the District use Southline's baseball fields as part of Southline's recreational program, and athletics are part of the District's educational experience and tradition. (*Id.* ¶¶ 16–17 (citing Doc. 63-5 at ¶¶ 5, 14).)

The Director of Recreation for the Town of Cheektowaga has stated that the baseball fields, "free from non-recreational land uses, are an important recreational resource in the town and District." (Doc. 63-5 ¶ 6.) The Superintendent of the District submitted a declaration in which he states that "District families and students continue to benefit from the Restrictive Covenant." (Doc. 63-2 ¶ 2.)

## II. Converted Motion for Summary Judgment

In their supplemental brief, Defendants raise several additional objections to extinguishment of the covenant. First, they argue that Plaintiffs waived the argument for extinguishment by failing to plead it in their answer to the District's counterclaim. (Doc. 63 at 6–13.) Second, they argue that Plaintiffs improperly rely on RPAPL § 1951 to argue for extinguishment when the covenant is instead governed by RPAPL § 1955. (*Id.* at 13–16.) Third, Defendants argue that even if § 1951 applies, Plaintiffs have failed to establish their entitlement to relief under the statute. (*Id.* at 17–20.)

Plaintiffs' counsel submitted a declaration in response to Defendants' supplemental brief. In addition to summarizing the events leading to the current motion, the declaration states:

> 10. As the Record reflects, the School District and Southline (as grantor and grantee) are the primary parties in interest with respect to the dispute over the Restrictive Covenant.
>
> 11. To the extent that Southline makes a submission on the present motion in support of the extinguishment of the Restrictive Covenant, Plaintiff adopts such submission.

12. In the event the Restrictive Covenant is deemed invalid, Plaintiffs respectfully seek the reinstatement of their summary judgment motion on the Telecommunications Act claims against the Town.

13. In the event that Southline does not make any such filing or the Restrictive Covenant is upheld by the Court, then Plaintiffs will pursue its alternative claims against Southline based on the representations and warranties in the Lease.

(Doc. 67 at 3.) Southline did not submit any opposition to Defendants' motion. Nor did it join Plaintiffs in advocating for the extinguishment of the restrictive covenant. In a reply brief, Defendants request that the court grant their converted motion for summary judgment as "unopposed." (Doc. 68 ¶ 4.)

## Analysis

### III.    Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party's failure to oppose a motion for summary judgment does not relieve the court "of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004). At this stage, the district court does not "weigh the evidence and determine the truth of the matter," but rather "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In doing so, "the court must draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000). However, if a party fails to support an assertion of fact or to address the opposing party's assertion of fact, the court may deem the fact undisputed for purposes of summary judgment. Fed. R. Civ. P. 56(e).

## IV.    Waiver

The court rejects the Town Defendants' argument that Plaintiffs have waived any rights they may possess under RPAPL § 1951 by failing to assert these in the answer. A party's failure to raise a potential defense in its answer does not always constitute waiver of the defense, provided that the party raises the defense at a time that enables both sides to fully brief the issue and does not unfairly prejudice the opposing party. *See Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003); *Am. Fed. Grp., Ltd. v. Rothenberg*, 136 F.3d 897, 910 (2d Cir. 1998). In this case, even though Plaintiffs first raised the issue of extinguishment in opposition to Defendants' motion for judgment on the pleadings, both parties have nevertheless had time to fully brief the issue. Consequently, the court concludes that the doctrine of waiver does not preclude Plaintiffs from raising the issue.

## V.    Extinguishment under RPAPL § 1951 or § 1955

The parties disagree about whether RPAPL § 1951 or § 1955 governs the issue of possible extinguishment of the restrictive covenant. Because RPAPL § 1955 applies by its terms to conveyances of property for charitable purposes and includes special protections to safeguard the public interest, the court agrees with the Town Defendants that § 1955—and not § 1951— governs the issue of extinguishment.

In 1962, New York followed the recommendation of the 1958 Report of the Law Revision Commission and adopted RPAPL §§ 1951-1955. These provisions codified the law permitting the extinguishment of outmoded restrictions on the use of real property. *Orange + Rockland Utils., Inc. v. Philwold Estates, Inc.*, 418 N.E.2d 1310 (N.Y. 1981). RPAPL § 1951 permits courts to extinguish restrictions on the use of property which no longer benefit the persons seeking enforcement. It provides in part:

> When relief against such a restriction is sought . . . if the court shall find that the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason, it may adjudge that the restriction is not enforceable by injunction . . .

N.Y. RPAPL § 1951(2).

In *Chambers v. Old Stone Hill Road Associates*, 806 N.E.2d 979 (N.Y. 2004), the Court of Appeals upheld a decision denying extinguishment of a restrictive covenant excluding commercial development in the form of a Verizon cell phone tower. The court described the balance of equities required for extinguishment. "[T]he issue is not whether [the party seeking the enforcement of the restriction] obtains *any* benefit from the existence of the restriction but whether in a balancing of equities it can be said to be, in the wording of the statute, of *no* actual and *substantial* benefit." *Id.* at 983 (quoting *Orange & Rockland Utils.*, 418 N.E.2d at 1316) (emphasis in original)).

At the same time that it passed RPAPL § 1951, New York enacted RPAPL § 1955, which governs restrictions placed on transfers of property for charitable purposes. RPAPL § 1955 provides in relevant part:

> 1. Where land is held, whether or not in trust, for benevolent, charitable, educational, public or religious purposes and the use of such land is restricted to such purpose or to a particular application of or means of carrying out such purpose by a special limitation or condition subsequent created in the convey and or devise under which the land is so held . . ., an action may be brought in the supreme court to obtain relief from such restriction as provided in this section.
>
> . . .
>
> 2. In determining whether relief shall be granted, and the nature of such relief, the court shall consider and shall make findings with respect to the following:
>
> > (a) whether the primary purpose of the special limitation . . . was to restrict the use of the land;

(b) whether the purpose of the restriction was to ensure that the substantial value of the land or the estate subject to the special limitation...rather than the land itself...be devoted to and employed for a benevolent, charitable, educational, public or religious purpose.

. . .

(c) whether the existence of the restriction is substantially impeding the owner of the land . . . in the further of the [charitable] purpose for which the land is held;

(d) whether the person . . . who would have a right of entry, possessory estate resulting from the occurrence of a reverter, or right to conveyance, reconveyance or surrender of the land or estate in the event of breach of the restriction . . . will suffer substantial damage by reason of extinguishment . . .

Section 1955 has two additional features. The New York Attorney General must be named as a party, and the provision does not apply to conveyances made with the state or federal governments, including "any governmental unit, subdivision or agency of the United States or the state of New York." N.Y. RPAPL § 1955(2), (5).s

There can be little question that the District conveyed the municipal baseball fields to Southline in 1985 for charitable or educational purposes. The deed restriction expressly limits the use of the property to activities consistent with Southline's non-profit mission of promoting youth athletics, especially Little League baseball. The closer question is whether RPAPL § 1955 is the exclusive statutory means for Plaintiffs to seek extinguishment of the restriction. The few courts which have considered the issue have consistently ruled that RPAPL § 1955 is the exclusive remedy for charitable restrictions.

In *In re 523 East Fifth Street Housing Preservation Development Fund Corp.*, 79 B.R. 568 (Bankr. S.D.N.Y. 1987), the court ruled that RPAPL § 1955, as the more specific provision, provided the only route for extinguishment of a covenant created by a conveyance from a governmental entity for charitable purposes.

8

> Although the wording of § 1955(5) would appear to limit its applicability to § 1955 and not include § 1951, to so hold would permit use of § 1951 to negate the express condition of § 1955(5) notwithstanding the legislative intention to preserve restrictions in favor of public entities.

*Id.* at 572; *see also In re Jurgielewicz Duck Farm*, No. 8-10-70231-478, 2010 WL 2025503, at *6 (Bankr. E.D.N.Y. May 20, 2010) (prior sale of development rights to county subject to RPAPL § 1955). In *DiPietro v. City of New Rochelle*, 237 A.D. 2d 324 (N.Y. App. Div. 1997), the Second Department ruled that extinguishment under RPAPL § 1955 was not available in the case of land conveyed with a restriction by Westchester County. "Since the restriction in the deed was made by the County of Westchester, a subdivision of New York State, the plaintiff is not entitled to extinguish the restriction." *Id.* at 326.

The court follows these cases in ruling that a party seeking to extinguish a charitable restriction must meet the requirements of RPAPL § 1955. RPAPL § 1955 provides the exclusive mechanism to obtain a court order modifying or extinguishing restrictive covenants created for "benevolent, charitable, educational, public or religious purposes." N.Y. RPAPL § 1955(1). Where it applies, § 1955 displaces the more lenient and general standard of extinguishment under § 1951. To allow a choice between the two provisions would permit parties to avoid the more exacting requirements of § 1955, including the naming of the New York attorney general and the ban on eliminating restrictions held by governmental agencies without their consent.

The remaining issue is whether the West Seneca Central School District as seller of the Southline property is a subdivision of the state of New York for purposes of RPAPL § 1955. Boards of education have long been recognized as civil divisions of the state. *Herman v. Bd. of Educ. of Union Sch. Dist. No. 8*, 137 N.E. 24 (N.Y. 1922). The formation of the type of district at issue here—the West Seneca Central School District—is authorized by N.Y. Education Law §

9

1801, which permits the state commissioner of education to "lay out central school districts."[1] Because the District is a subdivision of the state, the restrictive covenant it included in its deed conveying the Southline property is subject to the bar against extinguishment by court order contained in RPAPL § 1955.

## VI.    Next Steps

The principal remaining issue in this case is whether Plaintiffs still have a viable claim under the Telecommunications Act. The court deferred ruling on Plaintiffs' motion for summary judgment on this claim until resolution at the trial court level of all issues concerning the enforceability of the restrictive covenant. The court has now issued two rulings: first that the covenant bars the construction of a cell tower and second that the covenant is not subject to extinguishment by court order. The court will schedule a hearing to determine whether Plaintiffs seek to pursue their claim under the Telecommunications Act as well as their third-party claims against Southside. The court is particularly concerned with whether Plaintiffs retain standing to pursue a claim under the Telecommunications Act since they appear unable to overcome the deed restriction that prohibits non-charitable uses of the Southline property. In addition, the court will hear from Plaintiffs and from Southline concerning the status of their cross-claims for damages under state law.

---

[1] The district's status as a subdivision of the state is different from the issue for Eleventh Amendment purposes of whether it is an "arm of the state" and thus entitled to sovereign immunity. See *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *Woods v. Rondout Valley Central School Dist. Bd. of Educ.*, 466 F.3d 232 (2d Cir. 2006); *Lincoln County v. Luning*, 133 U.S. 529 (1890). The scope of immunity under the Eleventh Amendment does not extend to counties, municipalities or other subdivisions of state government that are clearly subject to the provisions of the RPAPL.

**CONCLUSION**

The court GRANTS the Town Defendants' and Intervenor-Defendants' motions for partial summary judgment (Docs. 45 and 46) and rules that the restrictive covenant is not subject to extinguishment under RPAPL §§ 1951 or 1955. The case will be set for a hearing on all remaining motions.

Dated this 24 day of June, 2021.

Geoffrey W. Crawford, Judge
United States District Court